**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTINE A. CLARK,

        Plaintiff,

vs.                                       Case No. 3:14-cv-1037-J-34PDB

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

        Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 32; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on February 9, 2015. In the Report, Magistrate Judge Barksdale recommends that Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 8; Motion to Remand) be denied. See Report at 36. Magistrate Judge Barksdale further recommends that the Court should permit Plaintiff to file an amended complaint, and as such, deny Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 3; Motion to Dismiss) as moot. See Report at 1-2, 36. On February 23, 2015, Plaintiff filed objections to the Report. See Plaintiff's Objections to Magistrate Judge's Report and Recommendations of February 9, 2015 (Doc. 33; Objections). Defendant responded in opposition to the Objections on March 9, 2015. See Defendant UNUM Life Insurance Company of America's Response to Plaintiff's Objections to Magistrate Judge's Report and Recommendations of February 9, 2015 (Doc. 34; Response). Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review the legal conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

In her Objections, Plaintiff objects to the Magistrate Judge's determination that the Motion to Remand should be denied. Plaintiff does not dispute the Magistrate Judge's factual findings. Indeed, it appears that the parties agree on the basic facts relevant to resolving the Motion to Remand. See Transcript of Oral Argument (Doc. 30; Tr.) at 17-19, 44-46. Rather, Plaintiff contends that Judge Barksdale erred in concluding that: (1) Defendant timely filed its Notice of Removal, and (2) the Court has subject-matter jurisdiction because complete ERISA[1] preemption is present. See Objections at 1.

First, Plaintiff argues that the Notice of Removal is untimely because Plaintiff's Complaint and discovery responses gave Defendant adequate notice that the amount in controversy exceeded $75,000. Id. at 4-7. Although the Complaint and responses themselves did not contain the relevant information, Plaintiff contends that because the Complaint referred Defendant to unattached insurance policies, and the discovery responses referred Defendant to its claim files, Defendant was "on notice" or otherwise had a duty to

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

review the referenced documents and determine that the $75,000 jurisdictional amount was met. See id. at 5-7. In addition, Plaintiff argues that, had Defendant reviewed its claim files, it would have found the facts supporting its ERISA preemption argument. Id. at 6-7. As such, because Defendant did not remove this case within thirty days of its receipt of the Complaint or Plaintiff's discovery responses, Plaintiff maintains that the Notice of Removal is untimely. Id. at 3, 6-7. Second, Plaintiff contends that her claims are not preempted because the insurance policies at issue are not governed by ERISA. See id. at 7-8. In support, she relies on the fact that neither she, her former employers, nor the insurance agent intended for ERISA to apply to the subject disability policies, the policies were sold as individual policies, and the policies do not contain any ERISA language. Id. at 8. Plaintiff emphasizes that the policies do not apply to any "class of beneficiaries" but were obtained only for her, and that none of her employers had any control over the policies. Id. at 9-10.

Upon independent review of the file and for the reasons stated in Judge Barksdale's Report, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. The Magistrate Judge carefully considered the foregoing arguments, among others, comprehensively reviewed the applicable law, and determined that Plaintiff's contentions were unavailing. The Court concludes that Judge Barksdale's recommended resolution of the Motion to Remand results from a correct application of the appropriate legal framework and an accurate assessment of the relevant record. While Plaintiff disagrees with Judge Barksdale's conclusions, she has simply failed to show them to be legally or factually incorrect. In addition, absent any objection from Defendant, see Response at 8, the Court will adopt the Magistrate Judge's

recommendation that Plaintiff be given leave to amend.  As such, the Court will deny the Motion to Dismiss as moot.  In light of the foregoing, it is

**ORDERED:**

1. Plaintiff's Objections to Magistrate Judge's Report and Recommendations of February 9, 2015 (Doc. 33) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 32) is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Motion to Remand and Incorporated Memorandum of Law (Doc. 8) is **DENIED**.

4. Plaintiff may file an amended complaint on or before **April 27, 2015.**

5. Defendant's Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 3) is **DENIED as moot, without prejudice** to filing another motion if appropriate upon review of the amended complaint.

6. The parties shall file an amended case management report on or before **April 27, 2015**.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of March, 2015.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record